HOME INS. CO. OF NEW YORK v. McCLARAN et al. (No. 2001.)

(Court of Civil Appeals of Texas. Texarkana. June 20, 1918.)

INSURANCE ⊶165—FIRE INSURANCE—LOCATION OF PROPERTY.

Policy insuring carriages against fire, "all while contained in the one-story metal roof, iron-clad building," at a certain address, did not render the insurer liable for damage to a carriage while in different shop undergoing repairs.

Error from Harrison County Court; W. H. Strength, Judge.

Action by R. L. and T. A. McClaran against the Home Insurance Company of New York. Judgment for plaintiffs, and defendant brings error. Reversed and rendered.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error. Chas. Carter, of Marshall, for defendants in error.

HODGES, J. In December, 1916, the defendants in error were engaged in the livery business, and held a policy of insurance which covered their vehicles and harness and live stock. On December 10th of that year one of the carriages was destroyed by fire while at a shop on different premises for the purpose of being repaired. This appeal is from a judgment in favor of the defendants in error for the value of the carriage.

The only question here presented is, Was the property covered by the insurance while away from the premises described in the policy? The following are the only provisions of the policy material to that issue:

"The Home Insurance Company of New York. No. 2823. Amount, $1000.00. Rate, $4.50. Premium, $45.00.

"In consideration of the stipulations herein named and of forty-five & No./100 dollars premium, does insure L. S. Hawley & C. J. Cocke for the term of one year from the eighth day of May, 1916, at noon, to the eighth day of May, 1917, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding one thousand dollars to the following described property while located and contained as described herein, and not elsewhere.

"Texas Form No. 36. Loss Payable Clause.

"It is agreed that any loss or damage ascertained and proven to be due to the assured under this policy shall be held payable to L. S. Hawley and C. J. Cocke, as interest may appear, subject, however, to all the terms and conditions of this policy.

"Attached to and forming part of policy No. 3825 of the Home Ins. Co. of N. Y., issued at its Marshall, Texas, Agency, dated 9/28/1916.

R. P. Littlejohn, Agent.

"Texas Form No. 4½.

"This policy covers pro rata on each of the following items to the amount of $1,000.00.

"Mercantile Stock Form, with Three-Fourths Value Clause.

"$1,000.00 on their twenty top buggies, including harness not exceeding $50.00 on each outfit.

"$1,145.00 on their two carriages, including harness, not exceeding $572.50.

"$300.00 on their surries, including harness, not exceeding $60.00 on each.

"$240.00 on their four hacks, including harness, not exceeding $60.00 each.

"$75.00 on their carryall, including harness, all while contained in the one-story, metal roof, iron-clad building, situated at No. 110–114 South Bolivar St. in Marshall, Texas. File No. 190."

A fair construction of this language shows an intent to limit the risk to the time when the property was on the premises described. The hazards of that kind of insurance, like that on household furniture, are governed by the risks attending the buildings in which the articles are kept. That fact furnishes a wholesome reason for the restriction written in the policy.

The judgment is reversed, and judgment here rendered for the plaintiff in error.